Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: Dariusz F Golczewski

Case No.: 17-22162
Judge: _____

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original  
☐ Motions Included  
☑ Modified/Notice Required  
☐ Modified/No Notice Required  
Date: _____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **jsw**    Initial Debtor: **DFG**    Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay **300.00 Monthly** to the Chapter 13 Trustee, starting on **July 1, 2017** for approximately **60** months.
   $100/00 per month for months 1-5
   $300.00 per month for months 6-60

1

    b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____
- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____
- ☑ Loan modification with respect to mortgage encumbering property:
  Description: Ocwen mortgage on Ringoes, NJ property
  Proposed date for completion:  2/28/2018

    d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. ☑ Other information that may be important relating to the payment and length of plan: mortgage arrears are not to be paid through the plan as they will be incorporated into loan modification

## Part 2: Adequate Protection     ☒ NONE

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b. Adequate protection payments will be made in the amount of $ 2461.18  to be paid directly by the debtor(s) outside the Plan, pre-confirmation to:  Ocwen/Deutsch Bank   (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

    a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Joan Sirkis Warren | Attorney Fees | 2,000.00 |
| Internal Revenue Service-new | Taxes and certain other debts | 7353.32 |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- ☑ None
- ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan |
|---|---|---|---|---|---|
| FSG Bank | HVAC system | $7440.82 | n/a | $7440.82 | 193.39 |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

### f. Secured Claims Unaffected by the Plan ☐ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| |

### g. Secured Claims to be Paid in Full Through the Plan ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| FSG | HVAC | $7000.00 |

## Part 5: Unsecured Claims    X NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
   - ☐ Not less than $____ to be distributed *pro rata*
   - ☐ Not less than ___ percent
   - ☑ *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions    X NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**
☑ Upon Confirmation
☐ Upon Discharge

**b. Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C.

Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification    ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| FSG had previously agreed to accept payment of secured debt of $7000.00 with balance as unsecured and was to amend their PoC to reflect same. They have not amended their proof of claim | FSG arrears are being added as to the plan |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date    January 24, 2018         /s/ Joan Sirkis Warren
                                 Joan Sirkis Warren
                                 Attorney for the Debtor
Date:   January 24, 2018         /s/ Dariusz F Golczewski
                                 Dariusz F Golczewski
                                 Debtor
Date:   _____
                                 Joint Debtor

### Signatures

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

Date    January 24, 2018         /s/ Joan Sirkis Warren
                                 Joan Sirkis Warren
                                 Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:   January 24, 2018         /s/ Dariusz F Golczewski
                                 Dariusz F Golczewski
                                 Debtor
Date:   _____
                                 Joint Debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

```
United States Bankruptcy Court
      District of New Jersey
```

In re:                                                                      Case No. 17-22162-CMG
Dariusz F Golczewski                                                        Chapter 13
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin               Page 1 of 2             Date Rcvd: Jan 30, 2018
                              Form ID: pdf901           Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 01, 2018.
```
db             +Dariusz F Golczewski,    541 Route 31 North,    Ringoes, NJ 08551-1218
cr             +Deutsche Bank National Trust Company,    Robertson, Anschutz & Schneid,    6409 Congress Avenue,
                 Suite 100,    Boca Raton, FL 33487-2853
516880981       Capital One Platinum Mastercard,    PO Box 30285,    Salt Lake City, UT 84130-0285
516880982      +Capital One, N.A,    c/o First Financial Asset Mgmt, Inc.,    PO Box 56245,
                 Atlanta, GA 30343-0245
516880983      +Deutsche Bank,    c/o Stern & Eisenberg, PC,    1040 N. Kings Highway, Suite 407,
                 Cherry Hill, NJ 08034-1925
517149873      +Deutsche Bank National Trust Company,    Ocwen Loan Servicing, LLC,
                 Attn: Cashiering Department,    1661 Worthington Road, Suite 100,
                 West Palm Beach, FL 33409-6493
517160400       Deutsche Bank National Trust Company,    Ocwen Loan Servicing, LLC,
                 Attn: Bankruptcy Department,    PO Box 24605,    West Palm Beach, FL 33416-4605
516902092      +Deutsche Bank National Trust Company,    Robertson, Anschutz & Schneid, P.L.,
                 6409 Congress Avenue, Suite 100,    Boca Raton, FL 33487-2853
517185164      +Dorota Golczewski,    Hunterdon County Probation Office,    65 Park Ave.,
                 Flemington, NJ 08822-1128
517118090      +FSG BANK,    c/o SERVICE FINANCE CO., LLC,    555 S FEDERAL HWY #200,    BOCA RATON, FL 33432-6033
517301607      +NJ Dept. of Environmental Protection,    ATTN: Bankruptcy Coordinator,
                 Mail Code 401-06Q; PO Box 420,    401 East State Street,    Trenton, NJ 08608-1501
516948552      +Princeton Orthopedic Associates,    325 Princeton Ave,    Princeton, NJ 08540-1617
516948551      +Scholl, Whittlesey & Greenberg LLC,    1 East Main Street, Suite 1,    Flemington, NJ 08822-1200
516880988      +Service Finance Company LLC,    PO Box 511303,    Los Angeles, CA 90051-7858
516880989      +Stern & Eisenberg, PC,    1040 N. Kings Highway,    Suite 407,    Cherry Hill, NJ 08034-1925
516880990     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court:  Toyota Motor Credit,    4 Gatehill Drive Ste 350,
                 Parsippany, NJ 07054)
517048768      +Toyota Lease Trust,    C/O Toyota Motor Credit Corporation,    PO Box 9013,
                 Addison, Texas 75001-9013
516880991      +Wayfair/Comenity Bank,    PO Box 182273,    Columbus, OH 43218-2273
516880992      +Weinberger Divorce & Family Law Group,    135 US Highway 202-206,    Suite 8,
                 Bedminster, NJ 07921-2608
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jan 30 2018 23:18:40      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 30 2018 23:18:38      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
lm             +Fax: 407-737-5634 Jan 31 2018 00:01:36      OCWEN LOAN SERVICING,    1661 WORTHINGTON ROAD,
                 SUITE 100,    WEST PALM BEACH, FL 33409-6493
516880985       E-mail/Text: cio.bncmail@irs.gov Jan 30 2018 23:18:13      Internal Revenue Service-new,
                 PO Box 7346,    Philadelphia, PA 19101-7346
517086722       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 30 2018 23:21:07
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
                 Norfolk VA 23541
517085864       E-mail/Text: bnc-quantum@quantum3group.com Jan 30 2018 23:18:29
                 Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA  98083-0788
516880987      +E-mail/Text: bankruptcy@savit.com Jan 30 2018 23:19:26      Savit Collection Agency,
                 PO Box 250,    East Brunswick, NJ 08816-0250
                                                                                              TOTAL: 7

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516880984       former spouse
cr*            +DEUTSCHE BANK NATIONAL TRUST COMPANY,    Robertson, Anschutz & Schneid, P.L.,
                 6409 Congress Avenue, Suite 100,    Boca Raton, FL 33487-2853
516880986     ##Ocwen,    PO Box 6440,    Carol Stream, IL 60197-6440
                                                                                   TOTALS: 1, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0312-3            User: admin                 Page 2 of 2                 Date Rcvd: Jan 30, 2018
                                Form ID: pdf901             Total Noticed: 26
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 01, 2018                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 30, 2018 at the address(es) listed below:
              Albert   Russo    docs@russotrustee.com
              Joan Sirkis Warren    on behalf of Debtor Dariusz F Golczewski joan@joanlaverylaw.com
              Kevin M. Buttery    on behalf of Creditor    Deutsche Bank National Trust Company
               bkyefile@rasflaw.com
              Miriam  Rosenblatt    on behalf of Creditor    DEUTSCHE BANK NATIONAL TRUST COMPANY
               bkyecf@rasflaw.com, mrosenblatt@rasflaw.com
              Miriam  Rosenblatt    on behalf of Creditor    Deutsche Bank National Trust Company
               bkyecf@rasflaw.com, mrosenblatt@rasflaw.com
              Rebecca Ann Solarz    on behalf of Creditor    Toyota Lease Trust rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7
```